UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WILBUR EASH,

                Plaintiff,                Case No. 1:07-cv-167

v.                                                    Honorable Gordon J. Quist

JOHN S. RUBITSCHUN et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

      I.      Factual allegations

Plaintiff is incarcerated by the Michigan Department of Corrections (MDOC) and is presently housed at the Deerfield Correctional Facility. He is serving a one year and eight month to fifteen year sentence imposed by the Ottawa County Circuit Court in 2003 after pleading guilty to one count of third-degree criminal sexual conduct with a person between 13 and 16 years old, MICH. COMP. LAWS § 750.520d(1)(a).

In his *pro se* complaint, Plaintiff sues MDOC Director Patricia Caruso and Michigan Parole Board Chairman John Rubitschun. Plaintiff claims that Defendants denied him procedural and substantive due process under the Fifth and Fourteenth Amendments by arbitrarily labeling him "mentally ill," under parole guidelines without first providing him a hearing.

For relief, Plaintiff seeks: (1) a declaratory judgment that the arbitrary mental health scoring of -5 on Plaintiff's parole score sheet, based solely on his sex offense conviction, violated his procedural and substantive due process rights; (2) an injunction requiring Defendants to cease its arbitrary and capricious practice of labeling all sex offenders as mentally ill; and (3) an order requiring the mental health score determination on prisoners' parole score sheets to be made by a licensed psychologist or psychiatrist.

      II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges that Defendants deprived him of procedural and substantive due process under the Fifth and Fourteenth Amendments when they classified him as "mentally ill" on his parole score sheet. In order to succeed on a due process claim, Plaintiff "must show that the state deprived him or her of a constitutionally protected interest in 'life, liberty, or property' without due process of law." *See Swihart v. Wilkinson*, No. 05-4269, 2006 WL 3368823, at *2 (6th Cir. Nov.21, 2006). *See also Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir.2006) ("Importantly, procedural due process rights are only violated when a protected liberty or property interest is denied without adequate hearing.") Plaintiff's due process claim fails for two reasons. First, Plaintiff has no liberty interest in parole. Second, no liberty interest is implicated by the parole board's mere classification of Plaintiff as "mentally ill."

    A.    <u>No liberty interest in parole</u>

Plaintiff's complaint stems from the fact that he was assigned a negative mental health score on his parole score sheet. Notwithstanding Plaintiff's contention to the contrary, his claim implicates an inmate's interest in parole. Plaintiff has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a

parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release.  *Id.*; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987).  Rather, a liberty interest is present only if state law entitles an inmate to release on parole.  *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," held that the Michigan system does not create a liberty interest in parole.  Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole.  *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581, at *1 (6th Cir. Mar. 24, 2004); *Martin v. Ohio Adult Parole Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).  Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole.  *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991);

*Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). The Michigan Supreme Court has also recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Accordingly, Plaintiff has no liberty interest in parole at stake.

Additionally, the presence of specific parole guidelines does not lead to the conclusion that parole release is mandated upon reaching a "high probability of parole." As stated by the Court, a state's scheme may be specific or general in defining the factors to be considered by the parole authority without necessarily mandating parole. *Greenholtz*, 442 U.S. at 7-8. At the time that *Sweeton* was decided, there were statutory factors to be considered by the parole board. *See Sweeton*, 27 F.3d at 1164 n.1 (noting that MICH. COMP. LAWS § 791.235 listed " a large number of factors to be taken into account by the board.") Although the current parole guidelines may be more detailed than the former statutory provision, they are still nothing more than factors that are considered by the board in assessing whether parole is appropriate. The fact that the Michigan Parole Board must follow their own procedural statutes and regulations regarding parole does not raise an issue of federal due process. *Id*. at 1165. This is particularly so in light of the fact that the guidelines do not state that the prisoner "must" or "shall" be paroled if the prisoner scores in a certain category; rather, the guidelines still speak in terms of probability, thus leaving the ultimate determination of parole release with the parole board. Where the ultimate decision regarding parole rests with the parole board, a prisoner has no protectable interest in a system which determined a "grid score" for when he would be eligible for parole. *Moran*, 1996 WL 304344, at *2; *accord Aqeel v. Dallman*, No. 90-3459, 1991 WL 7102, at *1 (6th Cir. Jan. 25, 1991) (where statute and guidelines place parole decision in hands of the board, there is no liberty interest). Without a liberty

interest in parole, Plaintiff fails to state a claim for a violation of his procedural due process rights. *See Club Italia,* 470 F.3d at 296; *Sweeton*, 27 F.3d at 1164-65; *Swihart*, 2006 WL 3368823, at *2.

### B.   No liberty interest invoked by "mentally ill classification"

Plaintiff likewise has no liberty interest in his "mentally ill" classification. I note as an initial matter that, contrary to Plaintiff's assertions, neither the parole score sheet nor any other document attached to Plaintiff's complaint explicitly classify him as "mentally ill." Rather, the score sheet reflects the parole board's assignment of a mental health score of -5 "due to mental health factors set forth in administrative rule 791.7716, section (g)." (*See* Br. in Support Ex. D). Michigan Administrative Rule 791.7716(3)(g) allows the Michigan Parole Board to consider and score an inmate's mental health "as reflected by . . . (i) a psychiatric hospitalization as a result of criminal activity in the background of the prisoner; (ii) a history of physical or sexual assault related to a compulsive, deviant, or psychotic mental state; (iii) a serious psychotic mental state that developed after incarceration; [and/or] (iv) whether subsequent behavior or therapy suggests that improvement has occurred." MICH. ADMIN. CODE R. 791.7716(3)(g) (2006). Given that Plaintiff was convicted of third-degree criminal sexual conduct, his -5 mental health score likely indicates the parole board's finding that his history of sexual assault is "related to a compulsive, deviant, or psychotic mental state." *See* MICH. ADMIN. CODE R. 791.7716(3)(g)(ii) (2006). The board's finding that Plaintiff's sexual assault history is "compulsive," "deviant," and/or "psychotic" was well within its discretion. Plaintiff was convicted of criminal sexual conduct with a child between the ages of 13 and 16. At the time of the offense, Plaintiff was 49 years old.[1]

---

[1] *See* MDOC Offender Tracking Information System at http://www.state.mi.us/mdoc/asp/otis2.asp. Enter Plaintiff's inmate number 443001.

Even if Defendants had gone so far as to label Plaintiff "mentally ill," such a classification, standing alone, does not invoke an inmate's due process rights.  Plaintiff correctly points out that in *Vitek v. Jones*, 445 U.S. 480 (1980), the United States Supreme Court held that an inmate may not be classified as "mentally ill" and involuntarily transferred to a mental hospital without the protections afforded by due process.  *Vitek*, 445 U.S. at  487-88.  The *Vitek* Court sustained an inmate's due process challenge to a Nebraska law that authorized the transfer of prisoners "suffer[ing] from a mental disease or defect" from a state prison to a mental hospital for mandatory treatment.  *Vitek*, 445 U.S. at 483-84.  The Court held that "the stigmatizing consequences of a transfer to a mental hospital for involuntary psychiatric treatment, *coupled with* the subjection of the prisoner to mandatory behavior modification as a treatment for mental illness, constitute the kind of deprivations of liberty that requires procedural protections." 445 U.S. at 494 (emphasis added).  However, as the Sixth Circuit has pointed out, the *Vitek* Court found a liberty interest in *both* the "mentally ill" classification *and* resultant transfer to a mental hospital for mandatory behavior modification.  *Dean v. McWherter*, 70 F.3d 43, 45 (6th Cir. 1995)(citing *Vitek*, 445 U.S. at 494).  In *Dean*, the Sixth Circuit held that a Tennessee law labeling sex offenders a "species of mentally ill persons in the eyes of the general assembly" did not deprive inmates of due process because: any stigma caused by the statute, standing alone, did not implicate a liberty interest; the statute itself did not place employment restrictions on inmates; and the irrebuttable presumption in the statute did not violate due process.  *Dean*, 70 F.3d at 45-46.  Pursuant to these authorities, classifying a prisoner as "mentally ill," without the accompanying involuntary transfer to a mental hospital and mandatory treatment, does not trigger the due process protections established in *Vitek*.  *Dean*, 70 F.3d at 45.  Here, Plaintiff complains only that the parole board

assigned him a negative score after finding his sexual assault history to be "related to a compulsive, deviant, or psychotic mental state." Because Plaintiff was not involuntarily transferred to a mental health facility – or anywhere else – for mandatory behavior modification as a result of the parole board's finding, his reliance on *Vitek* as a source of due process protection is misplaced. *See Dean*, 70 F.3d at 45. Without a liberty interest in the parole board's findings, Plaintiff fails to state a due process claim.

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:  May 2, 2007                             /s/ Hugh W. Brenneman, Jr.
                                                Hugh W. Brenneman, Jr.
                                                United States Magistrate Judge

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).